IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM MORRIS RISBY, #31495-077, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 3:04-CV-1414-H** |
| v. | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| **Defendant.** | § | |

<u>FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF THE
UNITED STATES MAGISTRATE JUDGE</u>

Pursuant to the District Court's *Order of Reference*, filed February 15, 2006, *Defendant's Motion to Dismiss and Brief in Support* ("MTD"), filed May 10, 2005, has been referred to this Court for hearing, if necessary, and recommendation. Also before the Court is *Plaintiff's Response to Defendant's Motion to Dismiss*, filed May 18, 2005. Defendant did not file a reply. Based on the filings and the applicable law, the Court recommends that the motion to dismiss be **DENIED**.

## I. BACKGROUND[1]

This is an action brought by Plaintiff William Morris Risby ("Risby") against the United States of America ("the Government") for the return of property.

### A.   <u>Criminal Proceedings</u>

On November 5, 1997, the United States District Court for the Northern District of Texas issued a subpoena directing Thaland D. Logan ("Logan"), a certified public accountant, to appear before a grand jury. (Mot. for Return of Property at Exh. A.) The subpoena instructed Logan to

---

[1]The following background, which the Court found helpful to a determination of the issues, is gleaned from the docket sheets for the two relevant cases.

bring records relating to Risby, Time Saving Construction, Time Saving Insurance, and TSC-SCR (also known as TSCGC-SCR) Joint Venture I, and/or Therapy and Rehabilitation Center. *Id.* Risby alleges that he received a similar subpoena, with the additional instruction that he produce checking accounts relating to any business entities with which he was involved. (Mot. for Return of Property at 2.) According to Risby, he and Logan testified before the grand jury on November 18, 1997. *Id.* At that time, Risby asserts that he and his attorney produced three boxes of documents, and Logan produced one box of documents. *Id.* Two separate criminal proceedings ensued.

On March 17, 1998, Plaintiff William Morris Risby ("Risby") was indicted on 64 counts of embezzlement, money laundering, and related charges (the "1998 case"). (*See* 3:98-CR-94-H; Docket Entry No. 1.) A jury found Plaintiff guilty on all counts on August 7, 1998. *Id.* at Docket Entry No. 143. On November 10, 1998, the Court entered judgment against Plaintiff and sentenced him to serve concurrent terms of 60 months and 97 months. *Id.* at Docket Entry No. 170.

Subsequently, on November 15, 2000, Risby was indicted on ten counts related to mail fraud and money laundering (the "2000 case"). (3:00-CR-442-R; Docket Entry No. 1.)

In the 2000 case, on August 28, 2001, Risby filed a motion to compel the production of documents obtained under the grand jury subpoenas served on him and the corporate entities in which he had an interest. *Id.* at Docket Entry No. 161. The magistrate judge conducted a hearing and ordered the Government "to produce the declaration of a competent person to identify those documents which were produced in response to the grand jury subpoenas." *Id.* at Docket Entry No. 183. The magistrate judge found that the affidavit subsequently submitted by Special Agent Kaye Peterson ("Peterson") of the Federal Bureau of Investigation ("FBI"), executed on November 30, 2001, unequivocally rebutted and refuted Risby's claims that documents other than those already

2

produced for inspection were ever in the Government's possession. *Id*. The magistrate judge therefore recommended denying Risby's motion on grounds that the Government had produced all requested documents within its possession, custody, and control. *Id*. That recommendation, issued December 12, 2001, was accepted by the district court on December 18, 2001. *Id*. at Docket Entry No. 184.

Risby appealed the magistrate judge's recommendation on the motion to compel in the 2000 case to the district court on December 28, 2001. *Id*. at Docket Entry No. 188. The district court denied that appeal on January 11, 2002, and on January 30, 2002, Risby filed a notice of appeal of the district court's order denying the appeal of the magistrate judge's report and recommendation. *Id*. at Docket Entries Nos. 191 & 194.

On April 18, 2002, a jury found Risby guilty on all ten counts on which he was indicted in the 2000 case. *Id*. at Docket Entry No. 244.

**B.**     **Motions for Return of Property**

On May 15, 2002, following his conviction by the jury in the 2000 case, Risby filed a motion for return of property in that case. (3:00-CV-442-R; Docket Entry No. 250.) The Government responded on June 3, 2002. *Id*. at Docket Entry No. 252. The District Court issued an order on June 6, 2002, denying Risby's motion. *Id*. at Docket Entry No. 253. Risby filed an interlocutory notice of appeal with respect to that denial on June 14, 2002. *Id*. at Docket Entry No. 254.

On August 13, 2002, Risby filed a second motion for return of property, pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure; this motion was filed in the 1998 case. (3:98-CV-94-H; Docket Entry No. 219.) By that motion, Risby sought the return of the boxes of documents he and Thaland brought when they testified before the grand jury in 1997. (Mot. Ret. Prop. at 2.)

Risby asserted therein that the documents had never been returned to him, and that he needed them for an Internal Revenue Service hearing and for use in his § 2255 petition challenging his conviction in the 1998 case. *Id.* The Magistrate Judge issued an order directing the Government to respond within 30 days. (3:98-CV-94-H; Docket Entry No. 221.) On October 25, 2002, the Government responded, asserting that it needed the documents because Risby's § 2255 petition was pending. *Id.* at Docket Entry No. 232. The Government also stated that the documents were in the possession of the FBI, and that the Government would confer with the FBI to determine which documents might be needed in the event that Risby received a new trial. *Id.* All remaining documents, the Government stated, would be returned by December 1, 2002. *Id.* Risby filed a reply to the Government's response on October 31, 2002. *Id.* at Docket Entry No. 234.

On December 6, 2002, while the motion for the return of property was pending in the 1998 case, Risby was sentenced to 78 months of imprisonment in the 2000 case, to be served consecutively to the sentences imposed in the 1998 case. (3:00-CV-442-R; Docket Entry No. 280.) On December 9, 2002, Risby filed an appeal of his conviction and sentence in the 2000 case. *Id.* at Docket Entry No. 282.

On April 10, 2003, the magistrate judge ordered the Government to file a response to Risby's October 31, 2002 reply to the motion for return of property in the 1998 case within 30 days. (3:98-CV-94-H; Docket Entry No. 249.) Risby objected to that order on April 21, 2003, asserting that by his reply he did not modify his request for the return of property, but "only suggest[ed] the alternate method by asking for copies of all items delivered to the government by subpoena duces tecum." *Id.* at Docket Entry No. 251. On September 8, 2003, the Magistrate Judge issued an order summarizing the proceedings up to that point and noting that the Government had failed to file a

4

response to the second motion for the return of property as ordered.  *Id*. at Docket Entry No. 254. The Magistrate Judge also noted that according to Risby, the documents the Government promised to produce by December 21, 2002 had not yet been produced.  *Id*.  The Magistrate Judge therefore ordered the Government to, within 30 days, "produce copies of all documents requested by Petitioner in his August 13, 2002, motion for return of property."  *Id*.

The Government subsequently requested and received three extensions of time to comply with that order.  *Id*. at Docket Entries Nos. 255, 256, 259, 260, 266, & 267.  On December 19, 2003, the Government filed a response asserting that the FBI had searched its records and had been unable to locate the records sought by Risby, and it was unclear whether the items had been misplaced, destroyed, or filed under a different heading or index.  *Id*. at Docket Entry No. 273.  The Government also speculated that some of the documents had been transferred from the custody of the FBI to the U.S. Attorney's office prior to Risby's trial, and may have been used as pretrial exhibits.  *Id*.  To facilitate the search for documents, the Government requested that Risby describe the items sought with greater specificity.  *Id*.

Risby filed an objection to the Government's response to the motion for return of property in the 1998 case  on December 30, 2003, as well as a motion to strike that response.  *Id*. at Docket Entry No. 279 & 280.  The Magistrate Judge denied the motion to strike on February 18, 2003, and ordered Risby to state with particularity the reasons the records were needed for his § 2255 motion. *Id*. at Docket Entry No. 281 & 282.  Risby filed a motion for reconsideration of those orders on February 27, 2004, which the District Court denied on April 28, 2004 after full briefing.  *Id*. at Docket Entry No. 287.  Risby filed a notice of appeal of that order on May 5, 2004.  *Id*. at Docket Entry No. 288.

On June 28, 2004, the magistrate judge issued findings and recommendations recommending a denial of Risby's § 2255 petition challenging the 1998 conviction. *Id*. at Docket Entry No. 292. On the same day, the district court issued an order, observing that Risby's motion for the return of property in that case was still pending. *Id*. at Docket Entry No. 293.  Because Risby filed that motion after the conclusion of the 1998 criminal proceedings, the district court liberally construed the motion as a civil action under 28 U.S.C. § 1331 seeking the return of property, and directed the District Clerk to open a civil action and file Risby's motion for the return of property in that action. *Id*. at Docket Entry No. 293.  It is this motion for the return of property filed in the 1998 case that forms the basis for the instant action.  (3:04-CV-1414-H; Docket Entry No. 1.)

C.      **Appeals on Orders Relating to Motion for Return of Property**

On September 30, 2004, the Government filed a motion in the Fifth Circuit to dismiss Risby's appeal of several of the magistrate judge's orders in the 1998 case, including the motion to strike the Government's response to the motion for the return of property, and the Magistrate Judge's order that Risby state with particularity his need for such documents.  (*See* Fifth Cir. Case No. 04-10520.)  In its motion to dismiss, Government argued that "[t]he district court's order denying Risby's motion to appeal the magistrate judge's orders is neither a final judgment on the merits of the case nor an appealable interlocutory order." *Id*. at Mot. to Dismiss Appeal at 4.  The Fifth Circuit Court of Appeals granted the Government's motion to dismiss on November 8, 2004. (Fifth Cir. Case No. 04-10520.)

On November 12, 2004, the Fifth Circuit decided Plaintiff's appeal of his conviction, sentence, and the motion to return property in the 2000 case.  The Fifth Circuit affirmed all the rulings of the district court. *United States v. Risby*, 115 Fed. Appx. 694, 695 (5th Cir. Nov. 12,

2004).  With respect to the motion for the return of property, the Fifth Circuit stated as follows:

> Finally, Risby asserts that the district court erred in denying his motion for return of property pursuant to Federal Rule of Criminal Procedure 41(e).  On June 16, 1998, Risby produced numerous documents pertaining to the Therapy and Rehabilitation Centers of Dallas, Inc. (TRCD), as required by a federal grand jury subpoena. Following his conviction, Risby moved to order the government to return these records, and the district court denied this motion.  In response to this court's inquiry at oral argument, the government has mooted this claim by returning all the TRCD records obtained by the grand jury.  The government additionally affirms that it no longer possesses any of Risby's records.

*Risby*, 115 Fed. Appx. at 696.  Plaintiff appealed that judgment to the Supreme Court, which vacated the Fifth Circuit's opinion and remanded the case for reconsideration of sentencing under *United States v. Booker*, 543 U.S. 220 (2005).  *Risby v. United States*, 125 S. Ct. 1872 (Apr. 18, 2005).

## II.  ANALYSIS

On May 10, 2005, the Government filed the instant motion to dismiss pursuant to Rule 12(b)(6), arguing that Risby's second motion for the return of property, brought in the 1998 case, is barred by res judicata and is moot.  (MTD at 1-4.)  Risby responds that the doctrine of res judicata does not apply to the instant proceedings, apparently based on his contention that the United States Attorney's office fraudulently reported that it returned all documents in its possession, and that the subpoenaed records still have not been returned.  (Resp. at 1-3.)  The motion is now before the Court and ripe for recommendation.

### A.    <u>Rule 12(b)(6)</u>

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges a complaint on the basis that it fails to state a claim upon which relief can be granted.  *See* FED. R. CIV. P. 12(b)(6).  Rule 12(b)(6) motions to dismiss are disfavored and rarely granted.  *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981).  To avoid dismissal, the plaintiff's pleadings must show

specific, well-pleaded facts, not mere conclusory allegations.  *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).  The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  A court cannot dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).  The court focuses on whether the plaintiff has a right to offer evidence to support his claims, rather than on whether he will succeed on those claims.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

The Government, citing *Moch v. East Baton Rouge Parish School Board*, 548 F.2d 594 (5th Cir. 1997), asserts that "a district court can dismiss a case pursuant to Rule 12(b)(6) on the ground that a previous judgment rendered the present cause of action res judicata."  (MTD at 4.)  In *Moch,* however, the Fifth Circuit stated that:

> Generally, a party cannot base a 12(b)(6) motion on res judicata.  That doctrine must be pleaded as an affirmative defense.  5 Wright and Miller, Federal Practice and Procedure: Civil P 1357, at 604-610 (1st ed. 1969).  Yet, if the trial court has treated the 12(b)(6) motion as one for summary judgment, its dismissal under 12(b)(6) is not reversible error.  *Larter and Sons, Inc. v. Dinkler Hotel Co.*, 199 F.2d 854, 855 (5th Cir. 1952).  Here, the district court held a hearing and treated defendants' motion more like a motion for summary judgment than like a 12(b)(6) motion.

*Moch*, 548 F.2d at 596 n.1.  Thus, under *Moch*, a Rule 12(b)(6) motion is an appropriate vehicle for moving to dismiss a case on res judicata grounds only when a court treats that motion as one for summary judgment.

Alternatively, the Fifth Circuit has also held that dismissal under Rule 12(b)(6) on grounds of res judicata may be appropriate where the elements of res judicata are apparent on the face of the

pleadings.  *See Kansas Reinsurance Co. v. Cong. Mtg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir.1994) ("when a successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate.") (citing *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).  Thus, if the Court does not treat the Government's motion to dismiss as one for summary judgment, the motion should only be granted if res judicata is apparent on the face of the pleadings.

## B.    Res Judicata

"The doctrine of res judicata, or claim preclusion, forecloses relitigation of claims that were or could have been raised in a prior action."[2]  *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 312-13 (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).  "The test for res judicata has four elements: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both cases." *Test Masters Educ. Svcs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (citing *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004)).  In this case, the Government asserts that all four elements of res judicata are satisfied in this matter.  (MTD at 3.)

With respect to the third element of the res judicata test,  the Government asserts simply that

---

[2]The doctrine of res judicata "encompasses two separate but linked preclusive doctrines: (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion." *Test Masters Educ. Svcs. Inc.*, 428 F.3d at 571 (citing *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 436 (5th Cir. 2000)).  The Government's motion refers specifically to claim preclusion.  (MTD at 2.)  These findings therefore address only claim preclusion. *GLF Const. Corp. v. LAN/STV*, 414 F.3d 553, 555 n.2 (5th Cir. 2005) (declining to address issue preclusion *sua sponte*) (citing *United Home Rentals, Inc. v. Tex. Real Estate Comm'n*, 716 F.2d 324, 331 (5th Cir. 1983)).

"there was a final judgment on the matter which was appealed and affirmed."[3]   (MTD at 3.)   The Government has not precisely identified the final judgment that allegedly bars the instant action, but in a footnote points to the Fifth Circuit's opinion on the appeal of the conviction and the motion for return of property in the 2000 case.   Thus, it appears that the final judgment to which the Government refers is district court's order on the motion for the return of property the 2000 case.

The Government's argument fails for two reasons.   First, the Government has not demonstrated the finality of the district court's order on the motion for return of property.   The current procedural posture of the Fifth Circuit's opinion on Risby's appeal of that order is not clear. While the Fifth Circuit affirmed the judgment and all rulings of the District Court, the body of the opinion appears to indicate that the Fifth Circuit did not actually affirm the District Court's ruling on the motion for the return of property, but found that such claim was moot. *Risby*, 115 Fed. Appx. at 695-96.  Risby appealed the Fifth Circuit's opinion to the Supreme Court, which vacated the Fifth Circuit's judgment and remanded the case for further consideration in light of its opinion in *Booker*. *Risby*, 125 S. Ct. 1872.  The Supreme Court's order granting the writ of certiorari does not address the return of property issue, but does fully vacate the Fifth Circuit's judgment. *Id*.  Thus, if the Fifth Circuit in fact affirmed the ruling on the motion for return of property, the judgment would not be final, as the matter is still pending on remand at the Fifth Circuit.   If the judgment is not final, res judicata does not bar the present action.

---

[3]Because the Government has failed to establish this element of res judicata, the Court does not address the remaining elements. *See, e.g., Clark*, 794 F.2d at 973-74 (5th Cir. 1986) (finding that Rule 12(b)(6) dismissal on res judicata grounds was not appropriate where defendants failed to establish one of the four elements of res judicata). The Court notes, however, that the Government has not established that an order on a motion for return of property constitutes a judgment, as required by the second element.  In addition, the Fifth Circuit mentions only documents pertaining to Therapy and Rehabilitation Centers of Dallas, Inc., whereas the motion for return of property that forms the basis for the instant action requests a broader range of documents.  Thus, it is also unclear from the Government's motion whether the fourth element has been met.

Alternatively, the Fifth Circuit's opinion on Risby's appeal of that order may be read as declining to decide the return of property issue based on its finding that such claims were moot as result of the Government's assurance that all documents in its possession had been turned over. *Risby*, 115 Fed. Appx. at 696. Ordinarily, res judicata does not operate as a bar to a claim that is found to be moot. *See, e.g., District of Columbia Hosp. Ass'n v. District of Columbia*, 73 F. Supp.2d 8, 12 (D.D.C. 1999). However, if a claim is deemed moot on appeal, the party must take steps to have the lower court's judgment on that claim vacated in order to avoid the res judicata bar.[4] *See Cannon v. Durham County Bd. of Elections*, 959 F. Supp. 289, 293 (E.D.N.C. 1997) (citing *United States v. Munsingwear, Inc*., 340 U.S. 36 (1950)). Otherwise, the original ruling of the lower court stands for purposes of determining the application of res judicata. *Id*.

The problem with relying on the district court's original ruling on the motion for property brings the Court to the second problem with the Government's argument on the third element of res judicata: to operate as a res judicata bar, a final judgment must address the **merits** of a claim. *See, e.g., Chalmers v. Gavin,* 2002 WL 511512, at *3 (N.D. Tex. Apr. 2, 2002) (finding that res judicata did not bar action where previous suit was dismissed without prejudice and thus did not operate as an adjudication on the merits); *Reynolds v. Tombone*, 1999 WL 439088, at *2 n.5 (N.D. Tex. June 24, 1999) (finding that res judicata did not bar action where prior motion for the return of property was not adjudicated on the merits). Even assuming for purposes of this motion that the district court's order on Risby's motion for the return of property may be considered a judgment, the Government has not shown that the district court addressed the merits of the motion therein. The

---

[4]Risby may have avoided the operation of res judicata by appealing the Fifth Circuit's opinion to the Supreme Court, although the substance of his appeal (and whether he sought to vacate the lower court's judgment) is not clear.

district court's order states only that the motion was denied; no reasons are provided.[5] Thus, it is not clear whether the district court reached the merits of the claim, or denied the motion on some other ground, such as mootness.[6] Accordingly, the Government has not established the existence of a final judgment on the merits of Risby's motion for return of property.

Because the Court finds that the Government has failed to establish the third element of res judicata, the Court finds, in light of the standard for dismissal under Rule 12(b)(6) and the ambiguities in the record, that the Government has failed to meet its burden to show that the instant action is barred by res judicata. *See Matter of Braniff Airways, Inc.*, 783 F.2d 1283, 1289 (5th Cir. 1986) ("The party seeking to assert that an issue was already adjudicated upon bears the burden of proving that contention, particularly where the record is ambiguous or confusing.") (citing *Gulf Tampa Drydock Co. v. Germanischer Lloyd*, 634 F.2d 874, 878 (5th Cir.1981); 1B MOORE'S FEDERAL PRACTICE, ¶ 408 [1] at 293 (2d ed. 1984)); *Smith v. Schrock*, 2002 WL 432980, at *8 n.10 (N.D. Tex. Mar. 15, 2002) (noting factors applicable to res judicata dismissal in context of a Rule 12(b)(6) motion to dismiss). Thus, the Court finds that res judicata does not bar the present action, and the Court recommends that the Government's motion to dismiss on grounds of res judicata be DENIED. *See, e.g., In re Harris*, 312 B.R. 591, 599 (N.D. Miss. 2004) (declining to grant motion

---

[5]A review of the docket sheet in the second criminal proceedings shows that the text of the order states in its entirety: "The Defendant's MOTION FOR RETURN OF PROPERTY (filed May 15, 2002), is DENIED." (3:00-CR-442-R; Docket Entry No. 253.)

[6]While a court's decision need not provide detailed findings, the decision must be clear that the issue was decided on the merits, rather than on a procedural, technical, or jurisdictional ground. *See Kaufman v. Somers Bd. of Ed.*, 368 F. Supp. 28, 33 (D.C. Conn. 1973) ("A judgment may be accorded res judicata effect in the absence of any opinion at all, so long as the pleadings reveal that no basis existed for the judgment other than a determination of the merits of the case.") (citing *Napa Valley Elec. Co. v. Railroad Comm.*, 251 U.S. 366, 371-373 (1920); *Whitner v. Davis*, 410 F.2d 24, 31 (9th Cir. 1969); *Saylor v. Lindsley*, 391 F.2d 965, 968 (2d Cir. 1968); *Thomas v. Consolidation Coal Co.*, 380 F.2d 69, 80-85 (4th Cir. 1967)); *Muston v. Satran*, 477 F. Supp. 1172, 1176-77 (D. Mass. 1979) (citations omitted). The Government has not provided a copy of Risby's motion for the return of property or the Government's response to that motion, and thus provides no context for the denial of the motion for return of property that would suffice to show that the denial was on the merits.

to dismiss where defendants failed to establish sufficiently that plaintiffs' claims were barred by res

judicata).

## C.     <u>Mootness</u>

Defendant also asserts that "Risby's complaint is moot since the property Risby seeks, the records of the Therapy and Rehabilitation Center of Dallas, have been returned to him."  (MTD at 4.)  In support, Defendant points to an affidavit by Peterson, dated October 12, 2004, and attached to the motion.

The argument that a claim is moot challenges a court's jurisdiction because Article III requires that a claim be live throughout the pendency of the litigation.  *See Eddins v. Excelsior Ind. Sch.Dist.*, 88 F. Supp. 2d 695, 701 (E.D. Tex. Mar. 15, 2000) (citing U.S. CONST. art. III; and *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990)).  The burden of demonstrating mootness lies with the movant and it "is a heavy one."  *Los Angeles County v. Davis*, 440 U.S. 625, 631 (1979). Mootness can occur in two ways: (1) when the issues presented are no longer live, and (2) when the parties lack a legally cognizable interest in the outcome.  *See Eddins*, 88 F. Supp. 2d at 701 (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

The proper standard for a jurisdictional attack based on mootness is Rule 12(b)(1), not 12(b)(6).  *See AmWest Sav. Ass'n v. Farmers Mkt. of Odessa, Inc.*, 753 F. Supp. 1339, 1347 (W.D. Tex. 1990) (dismissing counterclaims as moot under Rule 12(b)(1) for lack of jurisdiction); *GFI, Inc. v. Franklin Industries*, 55 F. Supp. 2d 565, 567 (N.D. Miss. 1999) (same).  A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction.  *See* FED. R. CIV. P. 12(b)(1). Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims.  *See Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir.

1998).  The Fifth Circuit recognizes a distinction between a "facial attack" and a "factual attack" upon a complaint's subject matter jurisdiction.  *See Rodriguez v. Tex. Comm'n on the Arts*, 992 F. Supp. 876, 878 (N.D. Tex. 1998).  "A facial attack requires the court merely to decide if the plaintiff has correctly alleged a basis for subject matter jurisdiction" by examining the allegations in the complaint, which are presumed to be true.  *See id.* (citation omitted).  However, if the defendant supports the motion with evidence, then the attack is "factual," and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).  Regardless of the attack, "[t]he plaintiff constantly bears the burden of proof that jurisdiction does exist."  *Rodriguez*, 992 F. Supp. at 879 ("The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.") (citations omitted).  Deciding the mootness issue in the instant matter requires the Court's resolution of disputed factual matters outside the pleadings.  Thus, the Government's motion presents a factual attack, and the Court may consider matters outside the pleadings.  *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *see also Williamson*, 645 F.2d at 412-413.

The instant motion contains only two sentences addressing the mootness argument, and refers only to the Therapy and Rehabilitation Center of Dallas records sought by Risby.  (MTD at 4.)  Risby acknowledges that the Government has turned over documents relating to the Therapy and Rehabilitation Center of Dallas, and some documents relating to Time Savings Construction, but argues that "thousands of pages" of subpoenaed records have not yet been returned.  (Resp. at 2-3.)  While the Court may resolve the disputed factual issues raised by the Government's motion regarding whether all the documents sought have been returned, Risby "should have an opportunity to develop

14

and argue the facts in a manner that is adequate in the context of the disputed issues and evidence."
*Williamson*, 645 F.2d at 414.  Given the extensive proceedings that have taken place regarding the documents sought by Risby and the varying positions taken by the Government with respect to those proceedings, the Court finds that the Government's motion does not adequately develop the mootness argument.[7]  Accordingly, the Government's motion to dismiss Risby's action on grounds of mootness should be DENIED.

### III.  RECOMMENDATION

For the foregoing reasons, the Court hereby **RECOMMENDS** that Defendant's *Motion to Dismiss and Brief in Support* be **DENIED**.

**SO RECOMMENDED** on this 7th day of March, 2006.


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[7]For example, Peterson's affidavit states that Logan turned over records used to prepare income tax returns for Risby and Times Savings in 1994, 1995, and 1996 to the grand jury, and that those records were in turn provided to Special Agent William Cotter of the Internal Revenue Service ("IRS").  (MTD Exh. 1 at 4.)  Peterson states that she attempted to obtain those documents from the IRS but was unable to do so.  *Id*.  While Peterson asserts in her affidavit that the FBI and the U.S. Attorney are no longer in possession of records obtained by the grand jury subpoenas, the failure to account for all the documents nevertheless undermines the Government's mootness argument.  *Id*. at 5.

15

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings and recommendation on all parties by mailing a copy to each of them.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings and recommendation must file and serve written objections within ten (10) days after being served with a copy.  A party filing objections must specifically identify those findings or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings, legal conclusions, and recommendation of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE